IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BERNARD PIERSON, #186623, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 3:18-CV-501-WKW ) |
| LEE COUNTY JUSTICE CENTER, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Bernard Pierson, an inmate incarcerated in the Lee County Detention Center which he misidentifies as the Lee County Justice Center. In this complaint, Pierson challenges conditions to which he is subjected at the detention center.

Upon review of the complaint, the court concludes that the claims presented by Pierson against the Lee County Justice Center are subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II. DISMISSAL OF DEFENDANT**

Pierson names the Lee County Justice Center, identified as his place of confinement, as a defendant in this case. The law is well settled that a county sheriff's department "is not a legal

---

[1] Except to the extent payment of an initial partial filing fee was required, the court granted Pierson leave to proceed *in forma pauperis* in this case. Doc. 4. This court is therefore permitted to screen the complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B), This statute directs the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). It therefore follows that a building or structure utilized by a sheriff's department to house inmates is not a legal entity subject to suit.

In light of the foregoing, it is clear that the Lee County Justice Center is not a legal entity subject to suit and is therefore due to be dismissed as a defendant in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Lee County Justice Center be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Lee County Justice Center be dismissed as a defendant in this cause of action.

3.  This case, with respect to the plaintiff's claims against Sheriff Jones, Capt. Welch and Lt. Jones, be referred back to the undersigned for appropriate proceedings.

On or before **August 21, 2018**, the parties may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see*

*Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of August, 2018.

                                        /s/ Charles S. Coody
                              UNITED STATES MAGISTRATE JUDGE