IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BERNARD PIERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:18-CV-501-WKW |
| | ) | |
| JAY JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

When Bernard Pierson filed this 42 U.S.C. § 1983 action he was an inmate confined in the Lee County Detention Center.[1]   In his complaint, Pierson attacks conditions of confinement he experienced during his incarceration at the detention center. Doc. 1 at 2–3.  Pierson names Jay Jones, the Sheriff of Lee County, Alabama, Capt. Welch, the jail's administrator, and Lt. Timothy Jones, a jailer at the facility, as defendants.  Pierson seeks a declaratory judgment and injunctive relief for the alleged violations of his constitutional rights.  Doc. 1 at 3.

The defendants filed a special report and supporting evidentiary materials addressing Pierson's claims.  The defendants deny they violated Pierson's constitutional rights.  The defendants further argue this case is due to be dismissed because prior to filing his complaint Pierson failed to properly exhaust the administrative remedy

---

[1] A search of the inmate directory for the Lee County Detention Center, hosted at http://lcso.leeco.us, establishes that Pierson is no longer incarcerated in this facility.

available to him at the Lee County Detention Center.  Doc. 15. at 4–7.  The defendants base their exhaustion defense on Pierson's failure to file a grievance pursuant to the jail's grievance procedure addressing the claims on which he now seeks relief.

On September 5, 2018, the court entered an order providing Pierson an opportunity to file a response to the defendants' report, and he was advised to address "the defendants' argument[] that his claims are due to be dismissed because he failed to exhaust his available administrative remedies [at the detention center] as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action.  Doc. 16 at 1.  The order also advised Pierson that his response should be supported by affidavits or statements made under penalty of perjury and/or other appropriate evidentiary materials.  Doc. 16 at 3. The order further cautioned Pierson that unless "sufficient legal cause" is shown within fifteen days of entry of this order "why such action should not be undertaken, . . . the court may at any time [after expiration of the time for his filing a response to the order] and without further notice to the parties   (1) treat the special report and any supporting evidentiary materials as a motion to dismiss . . ., and (2) after considering any response as allowed by this order, rule on the motion . . . in accordance with the law." Doc. 16 at 3–4 (footnote omitted).  The docket indicates that Pierson received a copy of this order. Pierson, however, failed to file a response to the order within the time allowed by the court.

Pursuant to the September 5, 2018 order, the court deems it appropriate to treat the special report filed by the defendants as a motion to dismiss with respect to the

exhaustion defense.  Thus, this case is now pending on the defendants' motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense . . . is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (holding that the district court properly construed the defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II.  STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e(a), the Eleventh Circuit has

recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before *filing* suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison . . . must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's

> *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001) (emphasis in original).  Furthermore, the law is well-settled that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case.  *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).  Because exhaustion is mandated by the statute, [a federal court has] no discretion to waive this requirement.  *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)."  *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012).  The court will therefore "resolve this issue first."  *Id*.

"When deciding whether a prisoner has [properly] exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true.  'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.'  *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373-74).  If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.'  *Id*. (citing *Bryant,* 530 F.3d at 1373–74, 1376)."  *Myles*, 476 F. App'x at 366.  Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing].  *See* [*Turner*, 541 F.3d at 1082].  A judge properly may consider

4

facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535.  In so doing, the Eleventh Circuit rejected the inmate plaintiff's argument that "disputed facts as to exhaustion should be decided by a jury." *Id*. at 534–35.

Upon review of the complaint, the defendants' special report and the undisputed evidentiary materials filed in support thereof, the court concludes that the defendants' motion to dismiss is due to be granted.

### III.  DISCUSSION

Pierson challenges conditions at the Lee County Detention Center during his prior incarceration in this facility.  The defendants generally deny Pierson's allegations and further maintain that this case is subject to dismissal because Pierson failed to exhaust the administrative remedy provided at the Lee County Detention Center prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C.  § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through

administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The PLRA strengthened [the exhaustion] provision [applicable to inmate complaints] in several ways. Exhaustion is no longer left to the discretion of the district court, but is mandatory. Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards. Indeed, as [the Supreme Court] held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought–monetary damages–cannot be granted by the administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (internal citation omitted).

Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, --- U.S. ---, ---, 136 S.Ct. 1850, 1857 (2016). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Id*. at 1855. A remedy is "available" when it has "'sufficient power or force to achieve an end,' [or is] 'capable of use for the accomplishment of a purpose[.]'" *Booth*, 532 U.S. at 737. Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical

procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . .  Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage."   548 U.S. at 90–91, 93.   The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  548 U.S. at 83–84; *Bryant*, 530 F3d at 1378 (To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement).   "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint."  *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

It is undisputed that the Lee County Detention Center provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure.  Doc. 15-8 at 19, §16.  The undisputed evidentiary materials filed by the defendants demonstrate that Pierson had access to the grievance procedure at all times while confined in the Lee County Detention Center — i.e., the procedure was available to him throughout his incarceration in the jail.  The grievance procedure allows an inmate to submit grievances to jail personnel with respect to matters occurring during their incarceration at the jail. Doc. 15-8 at 19, §16.  The relevant portion of the grievance procedure reads as follows:

> If you have a grievance, you can report it on an Inmate Request form.  Only one signature is allowed on a grievance.
>
> Your grievance will be investigated and answered, in writing, within 72 hours of the time it is received, excluding weekends and holidays. Grievances are first answered by the appropriate staff at the lowest level in the chain of command.
>
> If you are not satisfied with the first answer to your grievance, you may send a grievance to the next higher command level (attach a copy of the first grievance).  You may continue to send it through the chain of command, up to the Sheriff, who will make the final decision.
>
> We will not take any negative action against you because you file a grievance.

Doc. 15-8 at 19, §§16.1–16.4.

These materials establish that Pierson failed to properly exhaust the remedy prior to filing this federal civil action.  Specifically, despite the availability of a grievance procedure and his access thereto, Pierson did not submit a grievance in accordance with the jail's grievance procedure addressing the claims now presented for relief.  It is

likewise clear that the administrative remedy is no longer available to Pierson as he is not now confined in the Lee County Detention Center.  Dismissal with prejudice is therefore appropriate.  *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (holding that inmate's "federal lawsuits [were] properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy available to him during his confinement at the Lee County Detention Center prior to initiating this cause of action.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Lee County Detention Center.

3.  No costs be taxed herein.

The parties may file objections to the Recommendation on or before **October 24, 2018**.  The objecting party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  The parties are advised that frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 10th day of October, 2018.

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE